IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| BRANDY DANIELLE FERRELL<br><br>*Plaintiff,*<br><br>v.<br><br>OVERTON COUNTY, TENNESSEE, CLYDE COLLIER, MATTHEW FARMER,<br>*Defendants,* | Case No.<br><br>JURY DEMANDED |

## COMPLAINT

Comes now the Plaintiff, Brandy Ferrell, by undersigned counsel and for her complaint against the Defendants states the following:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 as this complaint arises from violations of rights guaranteed by the Constitution of the United States of America.

2. This Court's jurisdiction is also invoked under 28 U.S.C. § 1343(a)(3), as this action seeks redress for deprivation of rights secured by the Fourth Amendment to the Constitution of the United States of America, under color of state law.

3. Plaintiff asserts claims for relief under 42 U.S.C. § 1983, which authorizes action to redress the deprivation, under color of state law, of rights, privileges, or immunities secured to Plaintiff by the Constitution or laws of the United States of America and 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought under 42 U.S.C. § 1983.

4.     This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because one or more defendants reside in this judicial district. Additionally, a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

## Parties

5.     Plaintiff Brandy Danielle Ferrell is an adult resident of Overton County, Tennessee.

6.     Defendant Deputy Clyde Collier is and was at all times relevant to this Complaint a deputy sheriff of the Overton County Sheriff's Department. He is sued in his individual capacity.

7.     Defendant Sergeant Matthew Farmer is and was at all times relevant to this complaint a deputy sheriff of the Overton County Sheriff's Department. He is sued in his individual capacity.

8.     Defendant Overton County is a political subdivision of the State of Tennessee and is the employer of Defendants Collier and Farmer.

9.     At all times relevant to this Complaint, all defendants acted under color of state law.

## Factual Allegations

10.    Plaintiff Ferrell was born Brandy Danielle Dye.

11.    On September 9, 2003, Plaintiff Ferrell married and changed her name to Brandy Brown.

12.    Plaintiff Ferrell divorced on May 12, 2006, then married her current

husband on September 9, 2006. She changed her last name to Ferrell on her driver's license and social security card the week following her honeymoon.

13. Sometime shortly before March 24, 2024, officers of the Overton County Sheriff's Department including Clyde Collier and Matt Farmer were sorting through old outstanding warrants when they came across a misdemeanor capias/bench warrant issued on November 18, 2010 for an individual identified only as "Brandy Brown."

14. The warrant lacked critical identifying information, including the defendant's address, case number associated with the failure to appear, date of birth, social security number, and middle name.

15. Based on the totality of the circumstances in March 2024, the thirteen-year-old warrant containing only the name "Brandy Brown" was not sufficiently particular to identify the person subject to the warrant.

16. Undeterred by the complete absence of any information which could provide the officers with the identity of the particular "Brandy Brown" named on the thirteen-year-old misdemeanor warrant, the officers resorted to information outside the warrant in order to figure out the identity of "Brandy Brown."

17. One of the officers mentioned that they knew a woman who used to go by Brandy Brown who lived in Overton County.

18. The officers, including Defendants Collier and Farmer, pulled up driver's license databases and identified Plaintiff Brandy Danielle Ferrell as a resident of Overton County and the individual who the officer remembered used to go by Brandy Brown.

19. However, the officers disregarded the fact that Brandy Danielle Brown's driver's license registration became Brandy Danielle Ferrell four years before the warrant was issued.

20. On March 24, 2024, Deputy Clyde Collier went to Plaintiff Ferrell's home to execute the capias/bench warrant against her.

21. The only information he had concerning the identity of the person in the warrant was the name "Brandy Brown."

22. All information linking Plaintiff Ferrell's identity to the "Brandy Brown" named in the warrant resulted from the post-hoc investigation by the officers.

23. Deputy Clyde Collier did not bring a copy of the warrant with him to Plaintiff Ferrell's residence.

24. Plaintiff Ferrell was shocked and immediately disputed that she could be the individual sought for failing to appear, as she had never been convicted of any crime beyond a traffic citation and had never missed any court dates.

25. Deputy Collier called Sergeant Matt Farmer.

26. Despite his access to the Sheriff's Department databases and Overton County General Sessions Court records, Sgt. Farmer had no information about the case Plaintiff allegedly failed to appear for.

27. Plaintiff Ferrell asked Deputy Collier for a copy of the warrant, but he refused to provide it.

28. Instead, Deputy Collier showed Plaintiff Ferrell a picture of her driver's license and asked if that was her license.

29. At some point during their conversation, the Plaintiff asked her husband to call John Garret, the sheriff of Overton County.

30. The Sergeant informed the Plaintiff that calling the sheriff on a Sunday would not make him happy.

31. Despite the circumstances and evidence obviously indicating that Plaintiff Brandy Danielle Ferrell was not Brandy L. Brown, the officers arrested Plaintiff Ferrell and took her to the Overton County Jail.

32. Officers of the Overton County Sheriff's Department, working in concert with Deputy Collier and Sgt. Farmer, altered the capias/bench warrant after its issuance to include Plaintiff Ferrell's address, date of birth, and social security number.

33. Plaintiff Ferrell was booked into the Overton County Jail.

34. She was put into a jail jumpsuit and placed in the general inmate population.

35. Shortly afterwards, she was released.

36. On March 26, 2024, the Overton County Circuit Court Clerk, Lorie Hammock, sent a notarized and signed letter:

> To Whom It May Concern:
>
> Brandy Ferrell arrested on Sunday March 24th was arrested in error. Should NOT have been Brandy Ferrell date of birth January 9, 1976.
>
> Ms. Ferrell has no open cases in our court.
>
> If you have any questions please feel free to call the office at 931-823-2312.
>
> Thank you,
>
> *Lori Hammock*
>
> Lori Hammock,
> Overton County Circuit Court Clerk
> LH/vr

37. After her baseless arrest, Plaintiff Ferrell discovered the information about Brandy L. Brown:

   a) On September 2, 2010, a woman named Brandy L. Brown pled guilty to a DUI: First Offense. (*See* Exhibit 1).

   b) As a result of pleading guilty to a DUI: First Offense, Brandy L. Brown was to report and serve 48 hours in jail. *Id.*

   c) Ms. Brown's General Sessions case number was 32451-10.

   d) Ms. Brown's Overton County Sheriff's Department Case Number was 671000090015.

   e) Ms. Brown's birth date is different from Plaintiff Ferrell's.

   f) Ms. Brown's Social Security Number, Driver's License, and Address are different from Plaintiff Ferrell's.

   g) Ms. Brown lived in Celina, while Plaintiff Ferrell lived in Hilam.

38. All of the information on Brandy L. Brown and Brandy D. Ferrell was

readily available to the Defendants because they maintained access to the General Sessions Court Clerk's electronic records as well as their own records databases.

39. Deputy Clyde Collier and the Sergeant on duty failed to run the Plaintiff's information to confirm that she was indeed the person for whom the capias/bench warrant was issued.

40. Deputy Clyde Collier and the Sergeant on duty acted unreasonably and failed to properly consider information readily available on the computer system regarding the outstanding warrant.

41. A simple search of the Plaintiff's name and social security number would have revealed that she did not have any open charges or outstanding warrants for her arrest.

42. The Defendants, in concert with other officers of the Overton County Sheriff's Department, altered the bench warrant to reflect the Plaintiff's social security number, birth date and address over thirteen (13) years after it had been issued.

43. However, they did not add a case number to the document because there *was no case number* Brandy D. Ferrell.

44. As a result of the Defendants wrongfully arresting Plaintiff, she was arrested in front of her husband and daughter, and wrongfully incarcerated.

## COUNT I: VIOLATION OF 4TH AMENDMENT RIGHTS TO BE FREE FROM FALSE ARREST
## 42 U.S.C 1983
## (Defendant Clyde Collier)

45. Deputy Clyde Collier arrested Brandy Ferrell pursuant to a facially invalid warrant.

46. "…[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing * * * the persons or things to be seized * * *,' of course applies to arrest as well as search warrants. *Giordenello v. United States*, 357 U.S. 480, 485–86, 78 S. Ct. 1245, 1250, 2 L. Ed. 2d 1503 (1958) (see also, *Ex parte Burford, 3 Cranch* 448, 2 L.Ed. 495; *McGrain v. Daugherty*, 273 U.S. 135, 154—157, 47 S.Ct. 319, 323, 71 L.Ed. 580).

47. Apart from the name 'Brandy Brown' and the reason for its issuance, the unaltered arrest warrant lacked any other identifying information.

48. Deputy Collier and Sgt. Farmer added Brandy Ferrell's address, social security number, and birth date to the capias/bench warrant over thirteen (13) years after issuance.

49. Deputy Collier and Sgt. Farmer ignored readily available exculpatory information; therefore, they lacked probable cause to arrest Plaintiff.

50. Deputy Clyde Collier and the Sergeant on duty were acting under color of law when they arrested Plaintiff.

### COUNT II: FALSE ARREST – TENN. CODE ANN. § 8-8-302
### (Defendant Overton County only)

51. Tenn. Code Ann. § 8-8-302 provides that a county is liable for damages resulting from the wrongful acts of deputies appointed by the sheriff.

52. Deputy Clyde Collier and the Sergeant on duty are sheriff Deputies appointed by the Sheriff of Overton County, John Garrett.

53. Overton County is liable for the damages arising from Plaintiff Ferrell's arrest without probable cause pursuant to Tenn. Code Ann. § 8-8-302.

## DAMAGES

54. As a direct and proximate result of the Defendants' violations of Plaintiff's federally protected rights, Plaintiff has suffered:

   a) Deprivation of constitutionally protected liberty interest;

   b) Humiliation and damage to reputation;

   c) Mental and emotional distress.

## REQUEST FOR RELIEF

Based upon all of the foregoing, Plaintiff requests:

I. Process be issued and that each Defendant be required to respond within the time provided by the Federal Rules of Civil Procedure;

II. A jury be empaneled to try this case;

III. That a Declaratory Judgment be entered;

IV. That Plaintiff be awarded nominal damages;

V. That Plaintiff be awarded compensatory damages;

VI. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses under 42 U.S.C. § 1988;

VII. For pre- and post-judgment interest on all damages awarded;

VIII. For such other, further, and general relief as the Court deems just and appropriate.

Respectfully submitted,

*s/Paul D Randolph*
Wesley Ben Clark, #32611
Paul D Randolph #39667
BRAZIL CLARK, PLLC
2901 Dobbs Avenue
Nashville, TN 37211
615-730-8619
615-634-3651 (fax)
wesley@brazilclark.com
paul@brazilclark.com